FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUN 18 AM 11: 13
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EDDIE KODELL GOODWIN,  )
)
Petitioner,  )
)
v.  )  CASE NOS. CV413-263
)  CR411-348
UNITED STATES OF AMERICA,  )
)
Respondent.  )
)

## O R D E R

Before the Court is Petitioner Eddie Kodell Goodwin's Motion for Relief from March 21, 2017 Order Denying 28 U.S.C. § 2255 Motion. (Doc. 11.) In his motion, Petitioner requests that the Court vacate and then reinstate its prior order denying his habeas petition to allow him to file an appeal of that order. (Id. ¶ 10.) According to Petitioner, he did not receive a copy of the March 21, 2017 order denying his habeas petition because he had moved from state to federal prison. (Id. ¶¶ 6-9.) For the following reasons, Petitioner's motion must be **DENIED**.

In his motion, Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(1) and (4). However, those provisions only permit the Court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect," id. 60(b)(1), or that "the judgment is void," id. 60(b)(4). After a careful review of Petitioner's motion and the

record in this case, the Court concludes that Rule 60(b) affords Petitioner no relief.

What Petitioner is really seeking is to reopen the time to file a notice of appeal. Therefore, the Court will also construe his motion as seeking relief under Federal Rule of Appellate Procedure 4(a)(6), which provides for the reopening of time to file an appeal if "the motion is filed within 180 days after the judgment or order is entered." Id. 4(a)(6)(B). However, Petitioner's construed motions still fails for two reasons.

First, Petitioner's motion was filed more than 180 days after the entry of judgment. As a result, the Court lacks the power to reopen the time for him to appeal. Second, the Magistrate Judge's Report and Recommendation (Doc. 5), which was adopted by this Court (Doc. 9), recommended that no Certificate of Appealability ("COA") should issue in this case. Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken in this matter unless the Court first issues a COA. Because Petitioner has not been granted a COA, any request to reopen the time to file an appeal would be moot.

The Court recognizes that Petitioner claims to not have received notice of either the judgment or order denying his habeas petition because he was moved from a state to a federal

facility. However, this Court's local rules,[1] the Eleventh Circuit Court of Appeals,[2] and common sense[3] all dictate that Petitioner had an obligation to notify the Clerk of Court regarding any change in address. With this in mind, Petitioner can only hold himself responsible for failing to receive notice.

SO ORDERED this 18th day of June 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "Each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change." S.D. Ga. L.R. 11.1.

[2] See Lewis v. Conners Steel Co., 673 F.2d 1240 (11th Cir. 1982) (stating that it is "fair and reasonable for [a party] to assume the burden of advising . . . of address changes or to take other reasonable steps to ensure delivery . . . to his current address"); Earley v. Liberty Life Assurance Co. of Bos., 671 F. App'x 1037, 1038 (11th Cir. 2016) (finding Federal Rule of Civil Procedure 60(b) does not provide relief where plaintiff failed to timely notify district court of changed address).

[3] Common sense needs no citation. It is simply the manifestation of sound practical judgment informed by both logic and those experiences common to the public at large.

3